UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

RANDALL JOSEPH KNOPE,

    Petitioner,

v.                                             Case No. 13-C-0043

UNITED STATES OF AMERICA,

    Respondent.

ORDER GRANTING MOTION TO DECLARE WAIVER OF ATTORNEY-CLIENT PRIVILEGE (DOC. 15) AND MOTION FOR EXTENSION OF TIME TO FILE GOVERNMENT'S RESPONSE (DOC. 17), DENYING REQUEST FOR SUMMARY JUDGMENT (DOC. 18), ADDRESSING DISCOVERY REQUESTS AND DENYING REQUEST TO ADD CLAIM (DOCS. 14, 16, 19), DENYING REQUEST FOR RECUSAL (DOC. 13), AND ACCEPTING ADDITIONAL ARGUMENT BY PETITIONER (DOC. 21)

Randall Joseph Knope was convicted of possession of child pornography materials and attempting to entice a minor to engage in a sexual act. He was sentenced in July 2010 to 135 months of imprisonment.

Knope has filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. As discussed in this court's screening order, Knope asserts ten grounds for relief. Two of those grounds (grounds (1) and (6)) allege ineffective assistance of counsel. In regard to ground (1), Knope contends in his brief that counsel was ineffective for not arguing that the admission of evidence at trial under Fed. R. Evid. 404(b) is unconstitutional. And in regard to ground (6), Knope asserts that counsel was ineffective in failing to investigate jurisdiction, an officer's testimony at the evidentiary hearing, false witness testimony, why he was moved by the Marshal during trial, and the prosecutor's misstatement of facts. In addition, Knope maintains that counsel failed to seek a mistrial

when the prosecutor misstated facts and failed to apprise the court that the prosecution threatened him so he would not testify or present evidence.

The government submits that while preparing to respond to the ineffective-assistance-of-counsel claims, it contacted Knope's criminal-case attorneys who declined to disclose any attorney-client communications without Knope's consent or a court order. According to the government, Knope refused to consent to any disclosures by counsel when contacted by his prior attorneys. That refusal is confirmed by a filing in this court, in which Knope states: "The various attorneys that I talked to, at any point in time, do not have my permission to violate Attorney-Client Privelege [sic], such as discussing the details of my case or any meetings with anyone." (Doc. 13 at 2.) Knope also states that he believes no hearing on his ineffective-assistance-of-counsel claim is necessary: "Either I have provided the necessary facts for Ineffective Assistance of Counsel in my brief, or I have not." (*Id.*) Knope contends that it would violate due process to base a decision on an affidavit from counsel, whom he cannot confront. (*Id.*)

The government has moved for declaration that Knope "has waived the attorney-client privilege with respect to communications that relate to specific claims of ineffective assistance of counsel the defendant has raised in his Section 2255 motion." (Doc. 15 at 1.) Additionally, the government has moved for an extension of time to file its response to Knope's petition. The docket shows that Knope has been apprised of the government's motion.

## WAIVER OF ATTORNEY-CLIENT PRIVILEGE

The client in the attorney-client relationship holds the attorney-client privilege, and it is up to that individual to waive such privilege. *Paters v. United States*, 159 F.3d 1043,

1060 n.6 (7th Cir. 1998). The privilege can be waived explicitly or implicitly. *Lorenz v. Valley Forge Ins. Co.*, 815 F.2d 1095, 1098 (7th Cir. 1987). The attorney-client privilege is implicitly waived when an individual asserts claims or defenses that place his attorney's advice at issue. *Garcia v. Zenith Elec. Corp.*, 58 F.3d 1171, 1175 n.1 (7th Cir. 1995); *Rhone-Polenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 863 (3d Cir. 1994) (citing as examples of such a waiver when a litigant files a malpractice action or asserts reliance on the advice of counsel as an affirmative defense); *Lorenz*, 815 F.2d at 1098 ("Implicit disclosure can occur when a holder partially discloses a confidential communication or when a holder relies on a legal claim or defense, the truthful resolution of which will require examining confidential communications." (citation omitted)).

Implied waiver can be found when a petitioner asserts ineffective assistance of counsel in a habeas case. *United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) (stating that "[w]hen a habeas petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim" and noting acceptance of this rule by the Fifth, Sixth, Eighth, Ninth, and Eleventh Circuits); *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) ("It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer."); *Jenkins v United States*, No. 09-CV-713, 2010 WL 145850 *1, *2 (E.D. Wis. Jan. 8, 2010). That the habeas petitioner is pro se does not alter the rule. *Jenkins*, 2010 WL 145850 at *2; *see Pinson*, 584 F.3d at 974, 978 (finding implied waiver of privilege even though petitioner represented himself).

3

When a petitioner expressly denies waiver of the privilege after asserting an ineffective assistance of counsel claim, the claim cannot stand unless the petitioner permits disclosure of communications necessary for the respondent to adequately defend against the ineffective assistance of counsel claim. "The court thus gives the holder of the privilege a choice: If you want to litigate this claim, then you must waive your privilege to the extent necessary to give your opponent a fair opportunity to defend against it." *Bittaker*, 331 F.3d at 720.

The court should recognize a waiver no broader than necessary to ensure the fairness of the proceedings. *Bittaker*, 331 F.3d at 720; *see Pinson*, 584 F.3d at 979; *Jenkins*, 2010 WL 145850 at *2. In other words, an implied waiver of the privilege supports disclosure of only those communications specific to the claim. *See Bittaker*, 331 F.3d at 720. A district court granting an order for disclosure should indicate "precisely what information the attorney [is] required to disclose." *Pinson*, 584 F.3d at 979. For instance, in one habeas case the United States provided former counsel of a habeas petitioner with a set of four questions that were meant to elicit his specific responses. *James v. United States*, No. 13-cv-1396, 2013 WL 5835903, *1 (C.D. Ill. Oct. 30, 2013). The court reviewed the questions, and deemed them specifically tailored to the issues raised by the petitioner in his § 2255 motion. *Id.* at *1-*2.

In light of this caselaw, it appears that Knope's privilege has been waived implicitly through the ineffective-assistance-of-counsel claim. But to limit the scope of the disclosures, the court specifies that the waiver for trial counsel concerns only the topics mentioned above: whether admission of evidence under Fed. R. Evid. 404(b) is unconstitutional; investigation of jurisdiction, an officer's testimony at the evidentiary

4

hearing, false witness testimony, why Knope was moved by the Marshal during trial, and the prosecutor's misstatement of facts; failure to seek a mistrial when the prosecutor misstated facts; and failure to apprise the court that the prosecution threatened Knope so he would not testify or present evidence.

Knope may not have understood that assertion of the ineffective-assistance-of-counsel claim implicitly waived his attorney-client privilege regarding these topics. Thus, the court will permit him to exercise the choice described in *Bittaker*: he may choose between recognizing the waiver or dropping the ineffective-assistance-of-counsel claims.

Finally, to the extent Knope contends that it is unfair that he cannot cross-examine his attorneys if the government provides affidavits from them, he can submit his own affidavit with his reply brief and the court will determine if an evidentiary hearing is appropriate.

## EXTENSION OF TIME AND SUMMARY JUDGMENT

The government's assertion that it cannot respond to the allegations of ineffective assistance of counsel without being allowed to discuss the case with defense counsel is reasonable. The government asks for forty-five days from the date of this order to file a response. This request is reasonable. However the government filing deadline will follow a short time that Knope will have to decide whether to proceed on his claim of ineffective assistance of counsel.

Because the government did not file its response by the prior deadline, Knope requested summary judgment, contending that the government's silence in response to his § 2255 motion meant that the government agreed with his assertions. (Doc. 18 at 1–2; *see* Doc. 19 at 1–2.) However, to the contrary, the government's request for an extension of

time and motion for waiver of attorney-client privilege indicates it does *not* agree with Knope's assertions and intends to defend this case. Consequently, Knope's request is premature.

## DISCOVERY AND ADDING ANOTHER CLAIM

In letters filed with the court, Knope complains that the government has failed to provide discovery materials to him as requested, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) (requiring that the government disclose evidence materially favorable to the accused). (*See* Docs. 14, 16, 19.) The discovery materials include, among other things, "thousands of chat transcripts from all three siezed [sic] computers" (Doc. 12 at 2) and videos of Knope's arrest and interrogation (Doc. 14). Knope asks to add a *Brady* violation to his § 2255 motion. (*See* Doc. 14, 16.)

This case is not in a pretrial stage, and Knope's attorneys were likely provided with the discovery that Knope is requesting. Hence, Knope should contact his defense attorneys to obtain the discovery materials from them. Additional claims do not appear to be warranted. Moreover, the court already recognized additional claims set forth in Knope's brief. Post-conviction discovery disputes do not necessarily impugn the validity of the conviction at issue.

## RECUSAL

Knope asks for the court to recuse itself because of prior service as a prosecutor. (*See, e.g.,* Docs. 13 at 1–2, 3, 16, 21 at 1–2.) The court's service as a prosecutor ended over thirty-five years ago, and Knope has not cited any facts other than rulings in this case and his criminal case as grounds for recusal. In the absence of specific facts showing this

court harbors ill will toward Knope or bias in favor of the government, there is no basis for recusal.

ADDITIONAL BRIEF

In the letter filed as Document 21, Knope provides additional argument regarding his case. As the government has not yet responded to the § 2255 motion, the court will accept the additional argument and consider it together with Knope's initial brief to the extent it addresses the grounds for relief already recognized in the court's screening order.

CONCLUSION

Therefore,

IT IS ORDERED that respondent's motion for a declaration of waiver of attorney-client privilege (Doc. 15) is granted.

IT IS ORDERED that Knope notify the court within fourteen days of his choice between pursuit of the ineffective-assistance-of-counsel claims or waiver of his attorney-client privilege regarding those claims. In the event Knope fails to make his choice by the deadline, his attorney-client privilege is waived with respect to matters related to his ineffective assistance-of-counsel claims in his underlying criminal case (08-CR-199).

IT IS ORDERED that the government's motion for extension of time (Doc. 17) is granted; the government's response will be due forty-five days after Knope files a document regarding his ineffective assistance-of-counsel claims in this case or the time expires for him to do so.

IT IS ORDERED that Knope may file a reply within forty-five days of receipt of the government's response.

IT IS ORDERED that Knope's request for summary judgment (Doc. 18) is denied as premature.

IT IS ORDERED that Knope's requests for discovery and to add a *Brady* violation (Docs. 14, 16, 19) are denied.

IT IS ORDERED that Knope's request for recusal (Doc. 13) is denied. And,

IT IS ORDERED that the additional brief (Doc. 21) is accepted and should be considered together with Knope's initial brief.

Dated at Milwaukee, Wisconsin, this 11th day of May, 2015.

                                          BY THE COURT

                                          /s/ C.N. Clevert, Jr.
                                          C.N. CLEVERT, JR.
                                          U.S. DISTRICT JUDGE